1 Eric B. Eisinger, WSBA #34293
2 Bret Uhrich, WSBA #45595
Walker Heye Meehan & Eisinger, PLLC
3 1333 Columbia Park Trail, Ste 220
Richland, WA 99352
4 Telephone: (509) 735-4444
5 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>                        Plaintiff,<br><br>v.<br><br>COLUMBIA BASIN COLLEGE, a public institution of higher education, RALPH REAGAN, in his official and individual capacities, LEE THORNTON, in his official and individual capacities.<br><br>                        Defendants. | Cause No. 4:18-cv-05089-RMP<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Thomas S. Foley United States Courthouse<br>920 W. Riverside Ave, Room 840<br>Spokane, WA 99201 |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

In seeking to avoid summary judgment, the Defendants repeatedly attempt to equate a person seeking help from a medical provider regarding violent thoughts as the same as threatening another person. The position the Defendants have put forth reflects poorly on Columbia Basin College (CBC) and its employees. Defendants argue that CBC was justified in sanctioning R.W. for threats of violence when CBC has admitted that R.W. did not make any such threats. Defendants' argue that R.W. is not a qualified student with a disability when they have repeatedly pointed out that R.W. could have attempted to re-enroll after he was disenrolled from CBC. Because Defendants have failed to raise a genuine issue of material fact as to liability, the Court should grant R.W.'s motion for partial summary judgment.

### A. There Is No Genuine Dispute Of Material Fact That R.W.'s Instructors Began Falsifying Reasons For His Dismissal From The Nursing Program And That R.W. Was In-Fact Disenrolled From The Nursing Program.

The Defendants take issue with the characterization that the instructors at CBC began falsifying reasons for R.W.'s dismissal from the program. In doing so, CBC states that the "discontinuation form [issued to R.W.] was not effective." *Defendants' Statement of Disputed Material Facts, ECF No. 44, pg. 5*. However, Defendants' citation to the record does not support this proposition. Ralph Reagan testified that he had no knowledge regarding the discontinuation form. *See Warring Decl. at Exhibit 4, ECF No. 35-4 (Reagan Dep. 169:3 to 169:8)*; *Eisinger*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER
HEYE
MEEHAN
EISINGER

*Decl. at Exhibit F, ECF No. 37-6, pg. 1; Uhrich Supp. Decl. ¶ 5, ECF No. 54-1, pg 2*. Reagan's deposition testimony is that he merely stopped Ms. Tucker's letter regarding R.W.'s purported breach of ethics from being sent. *Warring Decl. at Exhibit 4, ECF No. 35-4 (Reagan Dep. 169:9 to 169:25)*. There is no dispute that R.W. was discontinued from the nursing program, otherwise there would be no need for him to attempt to "re-enroll" or seek dispensation from the President of CBC to re-enroll in the nursing program. *See Eisinger Decl. at Exhibit P, ECF No. 37-16, pg. 1; Hoerner Decl., ECF No. 34, pg. 1*. Defendants' have not pointed to any other explanation or documentation as to how R.W. became disenrolled from the Nursing Program.

Defendants' also point to R.W.'s deposition where he agrees the academic progress alerts issued by instructor Valerie Topham (Cooke) "may or may not be true." *Defendants' Statement of Disputed Material Facts, ECF No. 44, pg.* 5. The Nursing Program maintains a policy on when to issue academic progress alerts. *Uhrich Supp. Decl. at Exhibit A, ECF No. 54-1, pgs. 8-9*. R.W.'s did not qualify for issuance of a mandatory academic progress alert on March 7, 2017 for class NRS 223. *Id*; *compare Eisinger Decl. at Exhibit E, ECF No. 37-5, pg. 2 with Uhrich Decl. at Exhibit C, ECF No. 40-3, pg. 4*. According to the CBC Nursing Program Student Handbook, "[s]tudents not maintaining a 2.0 grade in any nursing course will receive an Academic Progress Alert […] by the instructor at midterm

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

or as soon as it becomes evident that the student is failing if this occurs after midterm." *Uhrich Supp. Decl. at Exhibit A, ECF No. 54-1, pg. 8*. R.W. was maintaining a grade point higher than 2.0 as of March 7, 2017. *Uhrich Decl. at Exhibit C, ECF No. 40-3, pg. 4*.

More importantly, the Nursing Program Student Handbook makes it clear that the purpose of such alerts is "the early identification of students who are having difficulties meeting course or program outcomes and providing the support necessary for successful course and program completion." *Uhrich Supp. Decl. at Exhibit A, ECF No. 54-1, pgs. 8-9*. Ms. Cooke admitted she issued these alerts only after learning that R.W. had sought treatment from "a doctor" for his violent thoughts. *Eisinger Decl. at Exhibit C, ECF No. 37-3 (Cooke Dep. 84:4 to 84:7; 85:13 to 85:19)*. March 7, 2017, is the date of discontinuation noted by Director of Nursing Kim Tucker and the stated basis in the notice is "incomplete winter quarter trespassed from campus." *Eisinger Decl. at Exhibit F, ECF No. 37-6, pg. 1*. Defendants' have not explained how academic progress alerts, which are for the purpose of remediation, were legitimately issued on the same day R.W. was discontinued from the program. The nursing school faculty were thereafter told on March 13, 2017 that R.W. would not be returning to the program. *Eisinger Decl. at Exhibit AF, ECF No. 37-32, pg. 1*.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER
HEYE
MEEHAN
EISINGER

Each of these actions were taken in quick succession after Defendants' learned that R.W. went to Crisis Response. *Eisinger Decl. at Exhibit E, ECF No. 37-5, pg. 1*; *Eisinger Decl. at Exhibit F, ECF No. 37-6, pg. 1; Eisinger Decl. at Exhibit AE, ECF No. 37-31, pg. 1*. R.W. stands by the characterization of these facts.

**B. There Is No Genuine Issue Of Material Fact That R.W. Was Subject To Discipline For Protected Speech.**

The Court should grant R.W.'s motion for partial summary judgment on the claims brought under 42 U.S.C. § 1983 because there is no genuine issue of material fact that Defendants' violated R.W.'s rights under the First Amendment. The Defendants' legal arguments are addressed in the Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment. *See ECF No. 45, pgs. 12-21*. However, Defendants' seek to avoid a rather inconvenient fact. Defendants' opposition is premised on the actions a school can take when a student makes threats of violence. *See e.g. Defendants' Response to Plaintiff's Motion for Summary Judgment, pgs. 6-7* ("R.W.'s analysis fails to cite, much less distinguish, the two most recent, germane Ninth Circuit Court of Appeals cases regarding threats of school violence."); *pg. 7* ("For instance, College Republicans at San Francisco State University v. Reed, 523 F.Supp.2d 1005, 1007 (N.D. Cal. 2007), which R.W. relies heavily upon, did not involve threats of school violence."); *pg. 9*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

("[H]ere the College reasonably concluded that R.W. presented a credible, identifiable threat of school violence").

The problem for Defendants' is that CBC has admitted R.W. did not engage in any threats:

> INTERROGATORY NO. 10: Please identify the manner that [R.W] violated WAC 132S-100-205 of the CBC Student Code of Conduct, and **whether you allege that he committed any of the following** (answer as to each):
>
> **a. Physical and/or verbal abuse**;
> **b. Threats**;
> **c. Intimidation**;
> **d. Harassment**;
> e. Online harassment;
> f. Coercion;
> g. Bullying;
> h. Cyberbullying;
> i. Retaliation;
> j. Stalking;
> k. Cyberstalking;
> 1. Other conduct which threatens or endangers the health or safety of any person or which has the purpose or effect of creating a hostile or intimidating environment.
>
> ANSWER:
> **a. N/A**
> **b. N/A**
> **c. N/A**
> **d. N/A**
> e. N/A
> f. N/A
> g. N/A
> h. N/A
> i. N/A
> j. N/A

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140



WALKER HEYE MEEHAN EISINGER

> l. Other conduct which threatens or endangers the health or safety of any person or which has the purpose or effect of creating a hostile or intimidating environment – [R.W.] was found by a preponderance of the evidence to have violated this provision of the CBC Student Code of Conduct.

*Uhrich Supp. Decl. at Exhibit B, ECF No. 54-2, pgs. 12-13 (emphasis added).* Reagan further narrowed the prohibited conduct at issue to "other conduct which has the effect of creating a hostile or intimidating environment." *Eisinger Supp. Decl. at Exhibit H, ECF No. 47-8; Eisinger Supp. Decl. at Exhibit F, ECF No. 47-6 (Reagan Dep. 152:15 to 152:20).* It should not be a surprise to Defendants that R.W. believes case law regarding threats of violence in school is inapplicable where CBC agrees R.W. did not make threats of violence in school. Because R.W. did not threaten others and it is undisputed that CBC nevertheless punished R.W. for his speech, the Court should grant R.W.'s motion for partial summary judgment establishing liability on the claims brought under 42 U.S.C. § 1983.

### C. There Is No Genuine Issue Of Material Fact That R.W. Is A Qualified Individual With A Disability Where CBC Proposed Solution Is That R.W. Should Re-Enroll And Seek Special Dispensation From The School President To Rejoin The Nursing Program.

The Court should grant the motion for partial summary judgment, concluding that R.W. was a qualified individual with a disability and that CBC

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

sanctioned R.W. because of his disability.[1]  In opposing the motion for summary judgment, Defendants argue that R.W. is not a qualified individual.  In doing so, Defendants cite to a series of employment cases beginning with *Davis v. Meese*, 692 F. Supp. 505 (E.D. Pa. 1988), which predates the Americans with Disabilities Act. While there are parallels between employment-based disability discrimination claims and those brought against public accommodations, it is unclear why Defendants resort to non-binding authority when the Ninth Circuit has addressed these issues in the employment context.  *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246-48 (9th Cir. 1999) (analyzing whether an employee is qualified with or without accommodations and whether the employee's disability posed a direct threat of safety to others).  "To protect disabled individuals from discrimination based on prejudice, stereotypes, or unfounded fear, the Supreme Court has required an individualized direct threat inquiry that relies on the best current medical or other objective evidence."  *Id.* at 1248 (*citing Bragdon v. Abbott*, 524 U.S. 624, 649 (1998)).  Defendants' position that R.W. is not a qualified individual with a

---

[1] R.W. agrees that no claims are brought under the ADA and RHA against Reagan and Thornton individually.  Only the state-law discrimination claims are brought against the individual defendants.  *ECF No. 1, pg. 8*; *see State v. Arlene's Flowers, Inc.*, 441 P.3d 1203, 1237 (Wash. 2019).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

disability seems irreconcilable with CBC's position that R.W. could attempt to re-enroll. *See Eisinger Decl. at Exhibit P, ECF No. 37-16, pg. 1; Hoerner Decl.*, ECF No. 34, pg. 2.

The Ninth Circuit has also expressed strong skepticism regarding the "distinction between disability-caused conduct and disability" argument, noting that such distinction only exists in disability cases "involving illegal drug use or alcoholism." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1140 n. 18 (9th Cir. 2001). "For purposes of the ADA, with a few exceptions, conduct resulting from a disability is considered to be part of the disability, rather than a separate basis for termination." *Id*. at 1139-40. Defendants' seek to downplay Reagan's admission that he in part attributed R.W.'s "ideations to depression and insomnia" because Reagan was not "diagnosing him." *Defendants' Response to Plaintiff's Motion for Summary Judgment, pg 5*. However, Reagan's subjective attribution of R.W.'s "conduct" to his disability is highly relevant to whether CBC intentionally (or recklessly) discriminated against R.W. based on his disability. Importantly, there is no dispute as to what events led CBC to sanction R.W.:

> As per our conversation at the meeting, you explained that you had homicidal thoughts due to stress and lack of sleep with the possibility of medication being a factor. When you had homicidal thoughts you immediately contacted your primary care doctor because you were concerned. Your doctor recommended that you go to Crisis Response and you were voluntarily admitted to Lourdes. I understand that the result of your behavior was not to create a hostile or intimidating environment, but it had the same effect. Therefore you are found responsible for violating our policy on Abusive Conduct. I reviewed the materials you provided and after my investigation and thoughtful consideration of everything that occurred, the sanctions are as follows:

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 9

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140


WALKER HEYE MEEHAN EISINGER

*Eisinger Decl. at Exhibit P, ECF No. 37-16, pg. 1*. If CBC, through Reagan, attributed these actions to R.W.'s disability and CBC did not rely "on the best current medical or other objective evidence" to conclude R.W. was a direct threat, then liability under the ADA and RHA for intentional discrimination is conclusively established. In light of the fact that both Reagan and Thornton subjectively concluded R.W. was not a direct threat, the Court should grant the motion for summary judgment establishing liability. *See Eisinger Decl. at Exhibit H, ECF No. 37-8 (Reagan Dep. 148:1 to 148:7); Eisinger Supp. Decl. at Exhibit I (Thornton Dep. 40:17 to 41:19; 42:3 to 42:15)*.

## CONCLUSION

The Court should grant R.W.'s motion for partial summary judgment and establish liability on the claims brought under 42 U.S.C. § 1983, for prospective injunctive relief for violation of R.W.'s Constitutional rights, and the claims brought under the ADA, RHA and WLAD. If the Court accepts the position of Defendants' in this matter, the message to those suffering from depression is clear: don't seek help, don't tell anyone, and handle it yourself. Such a result is contrary to both the text and purpose of the ADA, RHA and WLAD in eradicating disability discrimination and would further lend the government unprecedented power in restricting the lawful speech of private individuals. Society at-large is benefited when people with depression and mental illness are able to receive medical help

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT - 10

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

without repercussion. Defendants' fail to appreciate that in the long-run, their approach will result in more untreated mental illness and more violence occurring. As a result, the Court should grant R.W.'s motion for partial summary judgment.

DATED this 8th day of July, 2019.

*s/Bret Uhrich*
Eric B. Eisinger, WSBA #34293
Bret Uhrich, WSBA #45595
Attorneys for Plaintiffs
Walker Heye Meehan & Eisinger, PLLC
1333 Columbia Park Trail, Ste 220
Richland, WA 99352
Telephone: (509) 735-4444
Fax: (509) 735-7140
E-mail: eeisinger@walkerheye.com
buhrich@walkerheye.com

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 11

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Carl P. Warring: carlw@atg.wa.gov

                        *s/ Bret Uhrich*
                        Bret Uhrich

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 12

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER PLLC