Eric B. Eisinger, WSBA #34293
Bret Uhrich, WSBA #45595
Walker Heye Meehan & Eisinger, PLLC
1333 Columbia Park Trail, Ste 220
Richland, WA 99352
Telephone: (509) 735-4444
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>                Plaintiff,<br><br>v.<br><br>COLUMBIA BASIN COLLEGE, a public institution of higher education, RALPH REAGAN, in his official and individual capacities, LEE THORNTON, in his official and individual capacities.<br><br>                Defendants. | Cause No. 4:18-cv-05089-RMP<br><br>PLAINTIFF'S TRIAL MEMORANDUM |

PLAINTIFF'S TRIAL MEMORANDUM - 1

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

## I. INTRODUCTION

The facts of this case are well known to the Court based on the extensive motion practice and pleadings submitted by the parties in this case. R.W. was a student at Columbia Basin College in the Nursing Program. As a disabled individual, R.W. suffered from epilepsy, back pain, anxiety and depression. R.W. did not use these mental and physical disabilities as a crutch or as an excuse not to succeed in life. Instead, he persevered towards being a productive member of society and was close to graduating from the Nursing Program.

When R.W. began to experience stress and sleepless nights which led to violent thoughts regarding his instructors, R.W. did the right thing and contacted his physician. He expressed these thoughts to nobody else except his medical providers. He did not take any action regarding these ideations and did not engage in any conduct. After visiting with his physician, R.W. met with Crisis Response and underwent voluntary treatment.

When Defendants learned that R.W. had admitted himself into voluntary treatment and the nature of his admission, the Defendants immediately undertook a series of actions to ensure that R.W. would never return to the Nursing Program at Columbia Basin College. In doing so, the Defendants took a series of adverse actions against R.W. including trespass, disenrollment, and failing him in the

classes he was taking which rendered him ineligible to continue in the program and ineligible for financial aid.

## II. LEGAL ISSUES

**42 U.S.C. § 1983 – First Amendment.**

In the short time since the Court partially granted R.W.'s motion for summary judgment, Defendants have fully embraced their role as the thought police once imagined by George Orwell:

- Even if depression did cause homicidal ideations, the College is entitled to take action against harmful <u>conduct</u>, even if that <u>conduct</u> occurs as a result of a cognizable disability. *ECF No. 87, pg. 12*.

- There can be no question that the College took action solely as a result of R.W.'s <u>conduct</u>. *ECF No. 87, pg. 15*.

By admitting that Defendants consider R.W.'s violent ideations to be conduct, the Defendants have confessed to violating R.W.'s rights under the First Amendment. "A government entity no doubt runs afoul of the First Amendment when it punishes an individual for pure thought." *Doe v. City of Lafayette, Ind.*, 377 F.3d 757, 765 (7th Cir. 2004). "[T]he Court's First Amendment cases draw vital distinctions between words and deeds, <u>between ideas and conduct</u>." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 253 (2002) (*citing Kingsley Int'l Pictures Corp. v. Regents of Univ. of State of N.Y.*, 360 U.S. 684, 689 (1959)) (emphasis

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

added); *see also Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 67–68, (1973) ("The fantasies of a drug addict are his own and beyond the reach of government…").

As Defendants have admitted throughout discovery, R.W. did not engage in any threats of violence.

> INTERROGATORY NO. 10: Please identify the manner that [R.W] violated WAC 132S-100-205 of the CBC Student Code of Conduct, and **whether you allege that he committed any of the following** (answer as to each):
>
> **a. Physical and/or verbal abuse**;
> **b. Threats**;
> **c. Intimidation**;
> **d. Harassment**;
> […]
>
> ANSWER:
> **a. N/A**
> **b. N/A**
> **c. N/A**
> **d. N/A**

*ECF No. 37-34, pg. 12 (emphasis added).*

The "conduct," was R.W.'s thoughts:

> Q: Just to be clear, is that a yes or a no that you determined in the investigation that his thoughts were the conduct at issue here?
>
> Ralph Reagan: Yes. His thoughts were the conduct which had the effect of creating a hostile or intimidating environment.

*ECF No. 37-8, pg. 14.*

Defendants have now dropped any pretense that there is any conduct by R.W. at issue besides his thoughts and speech to his medical providers. The Court

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

correctly granted the motion for summary judgment concluding as a matter of law that the Defendants violated R.W.'s rights under the First Amendment.

B. **Disability Discrimination Claims.**

In the order granting in-part and denying in-part the motion for partial summary judgment, the Court identified issues of material fact in regard to two of the elements on the claims brought under the ADA, the RHA and the WLAD. First, the Court concluded there was a genuine issue of material fact whether R.W. is a qualified individual with a disability in light of the "direct threat" affirmative defense. *ECF No. 83, pg. 23*. Second, the Court concluded that there is a question of fact whether Defendants' disparate treatment of R.W. was based on his disability or whether it was based on misconduct relating to the disability. *ECF No. 83, pg. 26*.

1. **Direct Threat.**

A public entity is not required to permit an individual "to participate in or benefit from the services, programs, or activities of that public entity when that individual poses a direct threat to the health or safety of others." 28 C.F.R. § 35.139(a).

> In determining whether an individual poses a direct threat to the health or safety of others, a public entity must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: the nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable

PLAINTIFF'S TRIAL MEMORANDUM - 5

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140



modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk.

28 C.F.R. § 35.139(b). The belief that a significant risk existed, even if maintained in good faith, does not relieve a defendant of liability. *R.W. v. Bd. of Regents of the Univ. Sys. of Georgia*, 114 F. Supp. 3d 1260, 1284 (N.D. Ga. 2015) (*citing Bragdon v. Abbott*, 524 U.S. 624, 649 (1998)).

In this matter, the evidence will show that the Defendants relied on and panic and prejudice instead of evaluating whether R.W. posed a direct threat based on medical or otherwise objective evidence. By the end of the investigation, Defendants will not be able to point to any medical professionals or any other professional who evaluated R.W. and determined that he would be a direct threat to the health and safety of others. Worse, many of the Defendants have testified that they did not even subjectively believe that R.W. constituted a direct threat to others. Finally, Defendants maintain the irreconcilably inconsistent positions that R.W. is a direct threat and therefore is not qualified for the Nursing Program but that Defendants actually offered R.W., the unqualified individual, to return the program. Defendants cannot establish the direct threat defense.

**2. Causation – Disparate Treatment Based On Disability Versus Conduct Arising From The Disability.**

Second, the Court has identified causation as an issue of genuine material fact which needs to be resolved by the jury. Defendants have argued that its

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

disparate treatment of R.W. is based on his conduct as opposed to his disability. As discussed *supra*, Defendants cannot point to any conduct by R.W. as neither thoughts nor speech are conduct. This remains true in discrimination law as it does in First Amendment law. There is no principled reason for distinguishing between the definition of "conduct" in regard to the First Amendment and "conduct" in other areas of law. *Cf Rodriguez v. Maricopa Cty. Cmty. Coll. Dist.*, 605 F.3d 703, 708 (9th Cir. 2010) (First Amendment restrictions on speech did not allow employees to sue employer for hostile work environment based on pure speech of another employee.").

As is well-recognized by Ninth Circuit case law, the distinction between actions taken based on a disability and "conduct" arising from a disability is exceedingly narrow. "For purposes of the ADA, with a few exceptions, conduct resulting from a disability is considered to be part of the disability, rather than a separate basis for termination." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139-40 (9th Cir. 2001) (*citing Hartog v. Wasatch Academy*, 129 F.3d 1076, 1086 (10th Cir.1997)).

In *Humphrey*, the plaintiff began to experience problems getting to work on time, or at all because she engaged in a series of obsessive rituals that hindered her ability to arrive at work on time. *Humphrey*, 239 F.3d at 1129. After receiving progressive warnings and adverse actions from her employer, Humphrey was

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

diagnosed with obsessive compulsive disorder. *Id*. at 1130. After she was diagnosed, the employer suggested accommodations, including flexible start time which Humphrey accepted. *Id*. at 1131. When Humphrey continued to miss work, Humphrey asked for a new accommodation of working at home. *Id*. at 1131-32. The request was denied. *Id*. at 1132. Humphrey's supervisor noted that "Humphrey's productivity at work was typical of Humphrey's performance evaluations, which recognized her high level of competence but were tarnished by the problems caused by her disability." *Id*. Humphrey was absent from work on additional occasions and was terminated for "history of tardiness and absenteeism." *Id*. at 1133. Humphrey then brought suit against the employer for violation of the ADA. *Id*. The trial court granted the employer's motion for summary judgment and Humphrey appealed. *Id*.

On appeal, the court of appeals reversed. *Id*. at 1140. The court concluded that there was a genuine issue of material fact whether the employer fulfilled its duty to accommodate Humphrey because the duty to accommodate is a "'continuing' duty that is 'not exhausted by one effort.'" *Id*. at 1138. In seeking to defend its actions, the employer argued that it had fired Humphrey for the misconduct of "absenteeism and tardiness" and not because of her disability. *Id*. at 1139. The court summarily rejected this argument, noting that "conduct resulting

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

from a disability is considered to be part of the disability, rather than a separate basis for termination." *Id*. at 1139-40.

The Ninth Circuit has repeatedly affirmed that the distinction between action based on a disability and conduct arising from a disability is narrow. *Dark v. Curry Cty.*, 451 F.3d at 1084, n.3. In the same footnote, the court noted that *Newland v. Dalton*, 81 F.3d 904 (9th Cir.1996) "suggested that an additional exception might apply in the case of 'egregious and criminal conduct' regardless of whether the disability is alcohol- or drug-related." This exception was then adopted in *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015). In *Mayo*, the plaintiff:

> Mayo made threatening comments to at least three co-workers. He told one that he "fe[lt] like coming down [to PCC] with a shotgun an[d] blowing off" the heads of the supervisor and another manager. The co-worker need not worry, Mayo explained, because she would not be working the shift when the killing would occur. Mayo told another co-worker on several occasions that he planned to "com[e] down [to PCC] on day [shift] ... to take out management." He told a third co-worker that he "want[ed] to bring a gun down [to PCC] and start shooting people." He explained that "all that [he] would have to do to shoot [the supervisor] is show up [at PCC] at 1:30 in the afternoon" because "that's when all the supervisors would have their walk-through."

*Id*. at 942. (alterations in original). In concluding that the conduct by Mayo could be distinguished from his disability, the court specifically cited to the discussion in *Dark v. Curry County* and *Humphrey*. *Id*. at 946.

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER

As applied to the case at hand, Defendants will be utterly unable to show that its actions were based on impermissible conduct arising from R.W.'s disability that is distinct from his disability itself. There simply is no conduct at issue, let alone conduct comparable to telling co-workers that he would be blowing the heads off of certain managers.

Because Defendants will be unable to show R.W. is a direct threat or that he engaged in impermissible conduct distinct from his disability, R.W. will prevail on his disability claims.

### III. CONCLUSION

As the Court correctly concluded, the Defendants in this matter violated R.W.'s Constitutional right to free speech under the First Amendment. At the conclusion of trial in this matter, it will be just as apparent that the Defendants violated R.W.'s rights as a disabled individual.

DATED this 7th day of October, 2019.

>  *s/Bret Uhrich*
> Eric B. Eisinger, WSBA #34293
> Bret Uhrich, WSBA #45595
> Attorneys for Plaintiffs
> Walker Heye Meehan & Eisinger, PLLC
> 1333 Columbia Park Trail, Ste 220
> Richland, WA 99352
> Telephone: (509) 735-4444
> Fax: (509) 735-7140
> E-mail: eeisinger@walkerheye.com
> buhrich@walkerheye.com



CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Carl P. Warring: carlw@atg.wa.gov

Jake Brooks: jake.brooks@atg.wa.gov

*s/ Bret Uhrich*
Bret Uhrich

PLAINTIFF'S TRIAL MEMORANDUM - 11

1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P (509) 735-4444
F (509) 735-7140

WALKER HEYE MEEHAN EISINGER