FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 30, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>Plaintiff,<br><br>v.<br><br>Columbia Basin College, a public institution of higher education, RALPH REAGAN, in his official and individual capacities, LEE THORNTON, in his individual capacity, and REBEKAH WOODS, in her official capacity,<br><br>Defendants. | No. 4:18-CV-05089-MKD<br><br>ORDER DENYING AS MOOT DEFENDANTS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br>**ECF No. 242** |

Trial in this matter began on August 1, 2022. At the close of Plaintiff's case-in-chief, Defendants moved for judgment as a matter of law under Fed. R. Civ. P. 50(a). ECF No. 242. "Rule 50(a) allows a party to challenge the sufficiency of the evidence prior to submission of the case to the jury, and authorizes the district court to grant such motions at the court's discretion." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006).

ORDER DENYING AS MOOT DEFENDANTS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW - 1

"[W]hile a district court is permitted to enter judgment as a matter of law when it concludes that the evidence is legally insufficient, it is not required to do so." *Id.* at 405. "To the contrary, the district courts are, if anything, encouraged to submit the case to the jury, rather than granting such motions." *Id.*; *see also* Fed. R. Civ. P. 50 advisory committee's note to 1991 amendment.[1]

The Court took Defendants' Rule 50(a) motion under advisement. The case was then submitted to the jury, and the jury returned a verdict in favor of Defendants and against Plaintiff. "[A] jury verdict in favor of the moving party moots the [moving party's motion]." Fed. R. Civ. P. 50 advisory committee's note to 1991 amendment; *see also Silva v. Chung*, No. CV 15-00436 HG-KJM, 2019 WL 11234196, at *2 (D. Haw. June 19, 2019) ("Courts have widely held that where the jury verdict is in favor of the moving party, the party's Rule 50(a) motion becomes moot."). Given the verdict returned in this case in favor of

---

[1] "Often it appears to the court or to the moving party that a motion for judgment as a matter of law made at the close of the evidence should be reserved for a post-verdict decision. This is so because a jury verdict for the moving party moots the issue and because a pre-verdict ruling gambles that a reversal may result in a new trial that might have been avoided." Fed. R. Civ. P. 50 advisory committee's note to 1991 amendment.

Defendants, Defendants' Rule 50(a) motion, **ECF No. 242**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this order and provide copies to counsel.

DATED August 30, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE
