FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>Plaintiff,<br><br>v.<br><br>Columbia Basin College, a public institution of higher education, RALPH REAGAN, in his official and individual capacities, LEE THORNTON, in his individual capacity, and REBEKAH WOODS, in her official capacity,<br><br>Defendants. | No. 4:18-CV-05089-MKD<br><br>ORDER ON PLAINTIFF'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br>**ECF No. 247** |

A jury trial in this matter began on August 1, 2022. At the close of the evidence, Plaintiff moved for judgment as a matter of law under Fed. R. Civ. P. 50(a). ECF No. 247. In relevant part, that rule provides:

> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

ORDER ON DEFENDANT NAPHCARE'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW - 1

>                    (A) resolve the issue against the party; and
>                    (B) grant a motion for judgment as a matter of law against
>            the party on a claim or defense that, under the controlling law, can
>            be maintained or defeated only with a favorable finding on that
>            issue.

Fed. R. Civ. P. 50(a)(1).

"Rule 50(a) allows a party to challenge the sufficiency of the evidence prior to submission of the case to the jury, and authorizes the district court to grant such motions at the court's discretion." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006). "[W]hile a district court is permitted to enter judgment as a matter of law when it concludes that the evidence is legally insufficient, it is not required to do so." *Id.* at 405. "To the contrary, the district courts are, if anything, encouraged to submit the case to the jury, rather than granting such motions." *Id.*; *see also* Fed. R. Civ. P. 50 advisory committee's note to 1991 amendment.[1]

---

[1] "Often it appears to the court or to the moving party that a motion for judgment as a matter of law made at the close of the evidence should be reserved for a post-verdict decision. This is so because a jury verdict for the moving party moots the issue and because a pre-verdict ruling gambles that a reversal may result in a new trial that might have been avoided." Fed. R. Civ. P. 50 advisory committee's note to 1991 amendment.

ORDER ON DEFENDANT NAPHCARE'S RULE 50(a) MOTION FOR
JUDGMENT AS A MATTER OF LAW - 2

As provided in Rule 50(b),

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> > (1) allow judgment on the verdict, if the jury returned a verdict;
> > (2) order a new trial; or
> > (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

The Court took under advisement Plaintiff's Rule 50(a) motion. The case was then submitted to the jury, which returned a verdict in favor of Defendants and against Plaintiff. Because the Court did not grant Plaintiff's Rule 50(a) motion, the case was submitted to the jury "subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b).

The Court has not ruled on Plaintiff's Rule 50(a) motion and concludes there would be no utility in doing so now given the case was submitted to the jury and a verdict rendered. *See H. Lundberg Assocs., Inc. v. TSI, INC.*, No. C14-1160JLR, 2016 WL 5477524, at *2–3 (W.D. Wash. Sept. 29, 2016) (denying a Rule 50(a) motion without prejudice to re-raising the same legal questions in a Rule 50(b) motion because the case had already been submitted to the jury); *see also Ormco*

ORDER ON DEFENDANT NAPHCARE'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW - 3

*Corp. v. Align Tech., Inc.*, 653 F. Supp. 2d 1016, 1021 (C.D. Cal. 2009) ("If the court does not grant a motion for judgment as a matter of law pursuant to Rule 50(a), a party may file a renewed motion for judgment as a matter of law after the trial.").[2]

---

[2] "Ordinarily, a party in a civil jury trial that believes the evidence is legally insufficient to support an adverse jury verdict will seek a judgment as a matter of law by filing a motion pursuant to Federal Rule of Civil Procedure 50(a) before submission of the case to the jury, and then (if the Rule 50(a) motion is not granted and the jury subsequently decides against that party) a motion pursuant to Rule 50(b)." *Unitherm Food Sys., Inc.*, 546 U.S. at 396. District courts have sometimes found that, "[o]nce the Court submits the matter to the jury, the 50(a) motion has effectively been mooted and no further briefing is necessary, unless the movant seeks to renew the Motion in accordance with 50(b)." *Rose v. Barrett Twp.*, No. 3:09-CV-01561, 2014 WL 2039621, at *6 (M.D. Pa. May 9, 2014). The Court notes that the legal issues presented in a Rule 50(a) motion are not mooted by a jury verdict against the moving party but agrees, as noted above, that the utility of a Rule 50(a) motion evaporates once the matter is submitted to the jury. Thus, the Court will address the legal issues raised in Plaintiff's Rule 50(a) motion should Plaintiff elect to renew the motion pursuant to Rule 50(b).

ORDER ON DEFENDANT NAPHCARE'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW - 4

1     Accordingly, Plaintiff's Rule 50(a) motion, **ECF No. 247**, is **DENIED**

2 without prejudice to re-raising in a renewed motion pursuant to Rule 50(b) the

3 legal issues previously argued.  The Court expresses no view on the merits of the

4 legal issues raised in Plaintiff's Rule 50(a) motion.

5     **IT IS SO ORDERED.**  The District Court Executive is directed to file this

6 order and provide copies to counsel.

7     DATED September 2, 2022.

                            *s/Mary K. Dimke*
                         MARY K. DIMKE
                UNITED STATES DISTRICT JUDGE

ORDER ON DEFENDANT NAPHCARE'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW - 5