Nicholas Ulrich
Assistant Attorneys General
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

HONORABLE MARY K. DIMKE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA BASIN COLLEGE, a public institution of higher education, RALPH REAGAN, in his official and individual capacities, LEE THORNTON, in his individual capacity, REBEKAH WOODS, in her official capacity<br><br>Defendants. | NO. 4:18-05089-MKD<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83 |

## I. INTRODUCTION

This Court authorized supplemental briefing regarding the issue of reconsideration and specifically called the parties attention to two issues: (1) the Ninth Circuit's interpretation of *Counterman* in *United States v. Ehmer*, 87 F.4th 1073 (9th Cir. 2023), and (2) the standard for reconsideration set forth in this

1 Court's scheduling order, ECF No. 194 at 6. Neither issue precludes reconsideration. *Ehmer* does not have an extensive discussion of *Counterman*. However, because *Ehmer* is a criminal case, it is consistent with the conclusion that *Counterman* establishes a true threat standard in the criminal rather than civil context. Thus, the Ninth Circuit's prior opinion dealing with true threats in the civil and university setting should still control. Additionally, the analysis of *Counterman* indicates the Supreme Court created a prophylactic rule. In similar contexts, where the Court has created such a rule, civil liability does not attach for violating the rule because the rule does not deal with the core of the constitutional violation. The same standard should be applied here.

Finally, this court's scheduling order, requiring "manifest error" for reconsideration does not necessarily control. That rule appears to be sourced from the Fed. R. Civil P. 59(e) case law, and the Ninth Circuit has set forth a different standard of "cogent reasons" in this context. However, that standard is nonetheless satisfied by showing that the prior ruling failed to apply the Rule 56 standard for considering evidence in the light most favorable to the College, and misinterpreted and misapplied First Amendment precedent both in the true threat context and by assuming that if the speech was not categorically excluded any response to that speech amounted to a First Amendment violation as a matter of law. The parties seem to agree that the evidence discussed in the reconsideration was before the court in the original summary judgment motions.

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

## II. ARGUMENT

### A. *Ehmer* is Consistent with the Conclusion that *Counterman* Sets Forth the Standard in the Criminal Rather than Civil Context

*Ehmer* deals with the prosecution of several defendants for among other things conspiracy to prevent by force, intimidation, or threat certain federal workers from discharging their duties. 87 F.4th 1073, 1119. There the trial court instructed the jury on what would qualify as an intimidation or threat for the criminal prosecution, and specifically required an objective-subjective test:

> [1] the speaker or actor must intend his or her words or conduct to intimidate or to be a threat, and [2] those words or conduct must also be such that a reasonable person hearing or observing them would foresee that they would be interpreted as a serious expression of intent to harm or assault.

*Id.* On appeal, the defendant challenged the instruction and the Ninth Circuit discussed *Elonis*, and the fact that the United States Supreme Court had required a scienter requirement in criminal prosecutions. *Id.* at 1120. Then, the *Ehmer* court in a footnote, indicated that the Supreme Court had declined to consider whether recklessness was a sufficient scienter in *Elonis*, but did so in *Counterman*. *Id.* at 1120 n.16. This substantive discussion in *Ehmer* and *Elonis*, however, discusses this in the context of a *criminal prosecution*.

While it goes unmentioned in *Ehmer*, the Ninth Circuit had also recognized that it had not extended the pre-*Counterman* subjective requirement to the civil context, and recognized different standards may be warranted. *Boquist v.*

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1  *Courtney*, 32 F.4th 764, n.6 ("In criminal cases, in addition to apply an objective test, we apply a 'subjective test' and ask whether the speaker subjectively intended to threat violence."). While *Counterman* changed the standard from intentional to reckless, in criminal cases, nothing in the majority's decision indicates it extends beyond the criminal. This is because other than requiring the scienter requirement, the Court noted that a true threat is unprotected speech and the speaker's awareness is irrelevant:

> Whether the speaker is aware of, and intends to convey, the threatening aspect of the message *is not part of what makes a statement a threat*, as this Court recently explained. [citing *Elonis v. United States*, 575 U.S. 723, 733]. The existence of a threat depends *not* on "the mental state of the author," but on "what the statement conveys" to the person on the other end.

*Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (emphasis added). The Court went on to recognize that "the First Amendment may still demand a subjective mental-state requirement shielding some true threats *from liability*." *Id.* at 75 (emphasis added). In fact, the focus throughout the decision was setting a standard to avoid a criminal defendant incurring "liability." *Id.* The Court recognized in all but name that this is a prophylactic rule: the scienter "requirement comes at a cost: It will shield some *otherwise proscribable (here, threatening) speech* because the State cannot prove what the defendant thought." *Id.* (emphasis added). In other contexts, where the Court has established a prophylactic rule civil liability does not attach for violating the rule. *Vega v.*

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

*Tekoh*, 597 U.S. 134, 152, 142 S. Ct. 2095, 2108, 213 L. Ed. 2d 479 (2022) (noting "a violation of *Miranda* is not itself a violation of the Fifth Amendment" finding "no justification for expanding *Miranda* to confer a right to sue under § 1983").

Additionally, the objective portion of the jury instruction the Court approved in *Ehmer*, which is the only portion that would apply in this context, is similar in language to what the jury was free to conclude here that R.W. made "serious and credible threats of harm." ECF No. 266 at 33. It is simply incongruous to hold that a jury was free to find the latter, but could not have found "that a reasonable person hearing on observing [the words] would foresee that they would be interpreted as a serious expression of intent to harm or assault." *Ehmer*, 87 F.4th 1073, 1119. That's exactly how they were heard.

Notably here, R.W. is not seeking a shield from liability in a criminal prosecution. Rather, he is arguing that the true threat doctrine's subjective requirement is a sword making others liable to him for taking action in response to his speech. *Counterman* and *Ehmer's* scienter requirement simply does not apply in this context[1].

---

[1] Additionally, to the extent plaintiff is arguing that *Counterman*'s scienter requirement should have applied to the internal, non-criminal disciplinary proceeding under the College's code, he points to no authority recognizing the standards are the same between the two contexts. *O'Brien v. Welty*, indicates that

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

### B. Manifest Error is Not the Proper Standard Under Rule 54(b)

The Court's reconsideration standard appears sourced from Fed. R. Civ. P. 59(e) reconsiderations not 54(b) reconsiderations. The principles of finality that apply to the one are simply not applicable to the other. The Court should instead apply the "cogent reasons" test outlined by the Ninth Circuit. Regardless, however, the College has shown manifest error.

The Court correctly notes that its scheduling order speaks generally about motions to reconsider, recognizes that they are disfavored and sets for a standard requiring a showing of "manifest error in a prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier." ECF No. 194 at 6. However, the Ninth Circuit does not appear to have adopted this standard under 54(b). The Ninth Circuit has referenced local rules setting forth a similar standard but these appear to be in the 59(e) context. *E.g.*, *Cornette v. Donahoe*, 472 Fed. Appx. 482, 483 (2012); *Jones-Rankins v. Cardinal Health Inc.*, 540 F. App'x 806, 807 (9th Cir. 2013) (citing to local rule for "manifest error standard" but also citing to case law for Rule 59(e)). These cases are unpublished and of little help.

they are not. 818 F.3d 920, 932 (9th Cir. 2016). Additionally, he points to no authority that *Counterman* should be applied retroactively to his collateral attack on that action. The controlling standards at the time were *O'Brien* and *Trey M. Id.*; *State v. Trey M.*, 186 Wn.2d 884 (2016).

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

It is undisputed that the standard for reconsidering whether to grant or deny a motion to reconsider a final judgment under Rule 59 is limited to certain circumstances: "There is no rule called 'Motion to Reconsider.' In *the postjudgment context*, however, Rule 59(e) effectively serves that function." Rule 59. New Trial; Altering or Amending a Judgment, 2 Federal Rules of Civil Procedure, Rules and Commentary Rule 59 (emphasis added). Moreover, the commentary explains that Rule 59(e) is limited on when reconsideration can be sought: "the view prevailing in the circuits is that motions to alter or amend the judgment are generally appropriate only in four situations: (1) to correct a manifest error of fact or law; (2) to incorporate newly discovered and previously unavailable evidence; (3) to prevent manifest injustice; and (4) to address an intervening change in controlling law." *Id.* But the Commentary to Rule 59 also recognizes that motions to reconsider are different under Rule 59 and Rule 54: "Rule 59 does not govern whether the court may reconsider its non-appealable interlocutory orders prior to the entry of judgment; that question is governed by Rule 54(b), which provides that a court may revisit its interlocutory orders at any time prior to entering judgment." *Id.* Regardless, Ninth Circuit precedent indicates this list is not exhaustive even in the 59(e) context. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) ("A court considering a Rule 59(e) motion is not limited merely to these four situations, however."). Ultimately, nothing indicates the standards should be the same, and, given the different

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

contexts, different standards make sense. *See e.g.*, *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002).

The Ninth Circuit has not been silent on the issue presented here, and has not applied the 59(e) standard. Rather, the Ninth Circuit in any substantive discussions on the subject has applied the "cogent reasons" test in this context not the 59(e) standard.[2] *United States v. Desert Gold Min. Co.*, 433 F.2d 713, 715 (9th Cir. 1970); *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir.

---

[2] One Ninth Circuit opinion cites the Fed. R. Civ. P. 59(e) standard in what appears from the procedural posture to be a 54(b) context. *See Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013). But the opinion does not analyze or discuss the issue nor does it hold that the 59(e) standard applies, but merely adds a boiler plate citation. The citation in the opinion traces to the 59(e) context without any discussion applying it in other contexts. *See id.* (citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D.Hawaii 1987) (dealing with a 59(e) standard), *rev'd on other grounds*, 855 F.2d 860 (9th Cir.1988))).

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

2000).³ Under the cogent reasons test, the Court has discretion to reconsider if it believes the prior order was error. *See id.* This standard additionally makes sense where the ultimate standard for review on appeal will be de novo.

    **1.    Even assuming the manifest error standard applies the college has demonstrated manifest error**

Some district courts have recognized that "Manifest error is, effectively, clear error." *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (internal citations omitted). But the Ninth Circuit has not defined what constitutes "clear error." *Id.* Other district courts have looked to the definition of manifest error in Black's Law Dictionary. *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003). Per Black's a manifest error is, "An error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." ERROR, Black's Law Dictionary (11th ed. 2019). Here, the opening motion demonstrates manifest error.⁴

---

³ The Ninth Circuit has held that the law of the case doctrine does not apply in this context. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001).

⁴ While the motion for reconsideration discusses the trial evidence, the evidence was largely the same as the summary judgment evidence. For instance, regarding involuntary treatment, Perez's deposition transcript was offered for

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

The opening motion demonstrates that the Court manifestly erred in granting summary judgment to the plaintiff for three reasons. First, it shows that the Court misapplied the CR 56 standard by not taking evidence in the light most favorable to the non-moving party. Second, it also shows that the Court misapplied First Amendment principles in the true threat context mostly be reading a subjective requirement where none exists in the civil context. Third, it shows that the Court misapplied the controlling *Oyama* decision, by not recognizing that a College can in certain circumstances respond to even core First Amendment speech without violating the Constitution. 813 F.3d 850 (9th Cir. 2015).

### III. CONCLUSION

Ultimately, the Court should grant reconsideration, and at least deny the Plaintiff's motion for summary judgment on First Amendment grounds, if not grant in favor of the College. A college, when it hears that a student is having persistent

---

summary judgment. *See* ECF No 35-1. There, it indicates R.W. was not meeting involuntary commitment criteria, but it was because he was willing to go voluntarily. *See* ECF No. 35-1 at 18–19, 22–25. This same evidence came out at trial, but perhaps more clearly, indicating if he did not go voluntarily he would have met involuntary commitment criteria. Ultimately, to the extent, new or different evidence came to light at trial, it was not through lack of diligence of the parties in the heavily litigated summary judgment motions.

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

thoughts of coming to campus and setting fire to its professors, can respond in a manner that ensures the student's education proceeds in a manner that is safe for everyone. That is exactly what happened here.

DATED this 10th day of January, 2024.

ROBERT W. FERGUSON
Attorney General

  s/Nicholas Ulrich
NICHOLAS ULRICH, WSBA No. 50006
Assistant Attorney General
Attorneys for Defendants
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123
nicholas.ulrich@atg.wa.gov

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

**PROOF OF SERVICE**

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bret Uhrich                    buhrich@walkerheye.com
Abigail Cybula            acybula@walkerheye.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 10th day of January, 2024, at Spokane, Washington.

ROBERT W. FERGUSON
Attorney General

  s/ Nicholas Ulrich
NICHOLAS ULRICH, WSBA No. 50006
Assistant Attorney General
Attorney for Defendants
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123
nicholas.ulrich@atg.wa.gov

---

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ECF No. 83

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123