FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 19, 2024

SEAN F. McAVOY, CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COLUMBIA BASIN COLLEGE, a public institution of higher education; et al.,<br><br>　　　　Defendants. | No. 4:18-CV-05089-MKD<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION AND SETTING FURTHER BRIEFING SCHEDULE<br><br>**ECF No. 285** |

Before the Court is Defendants' Motion for Reconsideration, ECF No. 285. Defendants request reconsideration of the Court's prior Order, ECF No. 83, granting summary judgment in favor of Plaintiff and denying summary judgment for Defendants on the issue of whether Defendants violated Plaintiff's First Amendment rights.

The Court conducted a motion hearing on January 18, 2024. Bret Uhrich and Abigail Cybula represented Plaintiff. Nicholas Ulrich represented Defendants.

ORDER - 1

The below order summarizes and supplements the Court's oral ruling at the hearing.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 629 F.2d 551, 553 (5th Cir. 1981)). A judge "must conscientiously carry out his [or her] judicial function in a case over which he [or she] is presiding." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000) (quoting *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960)). "[U]ltimately the judge who enters the final judgment in the case is responsible for the legal sufficiency of the ruling, and is the one that will be reversed on appeal if the ruling is found to be erroneous." *Id.*

This judicial officer set forth the "cause" required for a motion for reconsideration in the Jury Trial Scheduling Order: motions to reconsider must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier. ECF No. 194 at 6.

First, there have been subsequent developments in the law governing Plaintiff's First Amendment claim that constitute new legal authority which could not have been brought to the Court's attention earlier. The summary judgment

ORDER - 2

Order, ECF No. 83, was issued in October 2019. The parties concur that the Supreme Court's recent decision in *Counterman v. Colorado*, 600 U.S. 66 (2023), established a lower mental state threshold for First Amendment true-threats doctrine in a criminal case than the standard applied in ECF No. 83 under *United States v. Bagdasarian*, 652 F.3d 1113 (9th Cir. 2011). The change announced in *Counterman* was, understandably, not anticipated by the parties nor accounted for in the prior Order on summary judgment. In addition, the Court notes that the briefing at the time of the previous Order did not squarely address the First Amendment true-threats doctrine, instead focusing on the "direct threat" standard relevant to Plaintiff's statutory claims. The parties are entitled to brief and argue the First Amendment issue in light of this intervening case law.

Second, the case is currently in an unusual posture that weighs in favor of reconsideration. More than four years have passed since ECF No. 83 was entered in October 2019, and the case has since gone to a jury trial on Plaintiff's statutory claims. The Court finds that the current factual record casts doubt on whether the previous Order viewed the facts in the light most favorable to the nonmoving party, as required at the summary judgment stage.

Finally, the Court finds that the briefing on summary judgment and ECF No. 83 did not adequately address the other requirements for Plaintiff's First Amendment claim, which apply regardless of whether the student-speech and true-

ORDER - 3

threat doctrines also apply.  *See O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016).

The Court concludes that Defendants have shown sufficient cause to reconsider the previous Order.  *See Santa Monica Baykeeper*, 254 F.3d at 885.  The Court rescinds the sections of the previous Order at ECF No. 83 that granted summary judgment in favor of Plaintiff on the issue of Defendants' violation of the First Amendment (pursuant to Plaintiff's Motion, ECF No. 36) and denying Defendants' Motion for Summary Judgment (ECF No. 31).  The Court also rescinds the section of the November 19, 2021, Order that denied Defendants' request for reconsideration of this issue (pursuant to Defendants' second Motion for Summary Judgment, ECF No. 128).  ECF No. 151 at 31-36.

The Court also grants the parties' oral requests to file further motions for summary judgment following this determination.  The parties may each file one further motion for summary judgment concerning Plaintiff's First Amendment claim for injunctive relief under Section 1983.

Accordingly, **IT IS ORDERED:**

**1.**	Defendants' Motion for Reconsideration, **ECF No. 285**, is **GRANTED** in the manner explained above.

**2.**	The parties may each file one further motion for summary judgment **by no later than April 1, 2024**.

ORDER - 4

      **a.** The opposing party shall file a response **by no later than April 22, 2024**.

      **b.** The moving party shall file any reply **by no later than May 6, 2024**.

      **c.** A motion hearing is **SET** for **May 17, 2024**, at **10:00 a.m.**, in Richland Courtroom 189.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

DATED January 19, 2024.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 5