Nicholas Ulrich
Assistant Attorneys General
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

HONORABLE MARY K. DIMKE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA BASIN COLLEGE, a public institution of higher education, RALPH REAGAN, in his official and individual capacities, LEE THORNTON, in his individual capacity, REBEKAH WOODS, in her official capacity<br><br>Defendants. | NO. 4:18-05089-MKD<br><br>DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>June 18, 2024<br>10:00 a.m.<br>Richland Courtroom 189 |

Plaintiff misunderstands the Defendants' argument and the burden of proof. It is actually the plaintiff that has failed to point to case law indicating that a person cannot react to speech that discloses a threat for safety because it is made to a doctor or designated crisis responder. Such a rule would be unthinkable. The whole point of the duty to warn is so the potential victim *can react*. To place a First Amendment bar on state actor's ability to protect themselves and others is inappropriate,

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

especially with the escalating violence seen on campuses.[1] Thus, whether it is because the true threat doctrine or student speech doctrine applies or because under basic First Amendment principles in cases like *Oyama* control, Colleges and Universities can react to potential threats to their students and faculty by enacting reasonable, common-sense processes around emergency interim trespass and the student's return to the program. Additionally, the facts set forth in Defendants' motion are largely undisputed and so judgment as a matter of law is appropriate.

## I.   ARGUMENT

### A.   Plaintiff's Speech Presented a Threat to the College Community

Statements of serious homicidal ideation regardless of who the statements are made to have the effect of causing significant fear in the potential victims of the homicide and so are true threats. This position is supported by *Counterman*,

---

[1] Sadly, the news has numerous examples of students or former students killing their professors. *See*, e.g., Blake, Jessica, "Arizona Reaches Settlement with Family of Murdered Professor," Inside Higher Ed (Jan. 10, 2024) (available at https://www.insidehighered.com/news/quick-takes/2024/01/10/u-ariz-reaches-settlement-family-murdered-professor); Levenson Michael, "U.N.C. Graduate Student Is Charged in Fatal Shooting of Professor," New York Times (Aug. 29, 2023) (available at https://www.nytimes.com/2023/08/29/us/unc-chapel-hill-shooting-gunman-charges.html).

1    which recognized "a statement can count as such a threat based solely on its
2    objective content." *Counterman v. Colorado*, 600 U.S. 66, 72 (2023). While
3    *Counterman* applied the recklessness standard in the criminal context, it did
4    nothing with regard to the civil context and so cases like *O'Brien v. Welty*, 818
5    F.3d 920 (9th Cir. 2016) still control.

6    Plaintiff continues to misread *O'Brien v. Welty*, suggesting now that the
7    opinion has nothing to do with speech and only deals with conduct. Plaintiff then
8    incongruously goes on to discuss how it is a forum case. ECF No. 310 at 6. Again,
9    consulting the opinion undercuts Plaintiff's argument. The case deals with
10   conduct *and speech*. *O'Brien*, 818 F.3d at 932 (discussing what happened was
11   the plaintiff there "asking hostile questions" of professors in their offices, and
12   refusing to leave when asked). Indeed, the court references speech numerous
13   times in the opinion and opens the relevant section of the opinion discussing how
14   a regulation may be unconstitutionally applied to "protected speech" and
15   continues to discuss how the University could "regulate speech." *Id.* at 931.
16   Additionally, Plaintiff is incorrect in suggesting the Court's discussion of how
17   the University could handle threatening speech is limited to actions regarding
18   conduct or to do with the forum of the speech. The Court specifically referenced
19   *Elonis v. United States*, 575 U.S. 723 (2015) and *Virginia v. Black*, 538 U.S. 343
20   (2003). Neither of those cases are forum speech cases; rather, both deal with
21   threats. *See generally id.* In short, the Ninth Circuit considered it a speech case
22

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

and specifically referenced and rejected a subjective intent requirement in the University setting.[2]

### B. The Student Speech Doctrine at Least with Regard to Threats Should Apply to the Higher Education Setting

The parties agree that the Ninth Circuit has never had occasion to adopt the student speech doctrine in the College or University context. However, the Ninth Circuit expressly indicated they were influenced by it in *Oyama v. Univ. of Hawaii*, 813 F.3d 850, 860–61 (9th Circ. 2015), and the circuit expressly recognized that whether a student was a threat was significant in *O'Brien v. Welty*, 818 F.3d at 935 ("Specifically, our holding is by no means intended to protect from discipline students whose speech or conduct may reasonably be seen as threatening or constituting a danger to members of the university community.") These cases support that at least the aspect of the student speech doctrine dealing with threats should apply to college campuses.

---

[2] Nor is the speech versus conduct distinction largely relevant because "The First Amendment affords protection to symbolic or expressive conduct as well as to actual speech." *Virginia*, 538 U.S. at 358; *see also Porter v. Martinez*, 68 F.4th 429, 438 (9th Cir. 2023). ("Conduct—such as burning a flag, wearing a black armband, or staging a sit-in—may be sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth Amendments." (Internal quotation marks omitted))

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

1  *LaVine v. Blaine School District* while helpful does not end the inquiry. In
2  *LaVine*, which dealt with a student who wrote a poem depicting school violence,
3  the school came to the conclusion that there was no actual safety threat. *Id.* at 992
4  (noting "the school had allowed James to return to classes *and satisfied itself that*
5  *James was not a threat to himself or others*" (emphasis added)). Additionally,
6  there both the deputy sheriff who interviewed the student and the doctor that the
7  deputy consulted did not have enough information to involuntarily commit him.
8  257 F.3d at 985, 991. Finally, there was an indication that the district had placed
9  "negative documentation" in the students file that could be taken out of context
10 because it did not reference "the later, ameliorating events and thus went beyond
11 the school's legitimate documentation needs." *Id.* at 992. In contrast, in R.W.'s
12 case there was an actual threat. R.W. was not writing a fictional story or a poem
13 describing acts of violence, *he told his medical professionals that he was, in fact,*
14 *repeatedly thinking about committing acts of violence.* And here, a designated
15 crisis responder did believe she had enough to involuntarily commit him. Thus,
16 R.W. is completely incorrect in indicating that the college learned he "did not
17 pose a threat to the school." ECF No. 310 at 10. In fact, no one could assure the
18 College of that fact, and it was undisputedly the stress from his program that had
19 led to R.W. considering violent homicide. Plaintiff's references to the record are
20 not to the contrary; they recognized improvement, in part from not being
21 subjected to the stress of his program, not a lack of threat in the first instance.
22

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123

1  ECF No. 310 at 11. Additionally, the trial testimony here clarified the deposition
2  testimony on these specific points. Transcript at 712–13, 821–22. Nor has
3  Plaintiff established his burden in suggesting there is out-of-context
4  documentation in his file regarding the incidents that could affect him in the
5  future.

6      Plaintiff acknowledges the possibility that the interim trespass was
7  appropriate "as a non-punitive and temporary safety measure," but goes on to
8  fault the College for the actions taken after the investigation was concluded as
9  "disciplinary action and sanctions levied against R.W. for his speech." ECF No.
10 310 at 12. Plaintiff is correct as to the former and incorrect as to the latter. Yes,
11 the College could react to speech by keeping him away temporarily, and yes it
12 could also impose upon him reasonable, common-sense requirements for his
13 return, in the interest of student and faculty safety. That is all that it did. Plaintiff's
14 argument amounts to a process argument, effectively arguing that the College
15 could *do this* but could not do it *this way*, e.g. through the student conduct
16 process. This is made more apparent by Plaintiff's complete failure to address
17 *Keefe v. Adams*, 840 F.3d 523 (8th Cir. 2016), which removed a nursing student
18 based on professionalism for off-campus speech that contained a threat, in part
19 in reliance on *Oyama*. *See* 840 F.3d at 531–32. The Eighth Circuit there noted
20 that "Keefe's threats could have prompted disciplinary proceeding" but the
21 administrators instead addressed it through the professionalism component of the
22

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1 program. *Id.* Here, the administrators did the opposite and addressed it through the student conduct process not through the professionalism process, but that minor process difference does not itself amount to a First Amendment violation. Even if the College had done the same thing, but outside the student conduct process it would have had the same effect. Thus, Plaintiff has not met his burden to show a First Amendment violation for which he is entitled to injunctive relief.

## II.  CONCLUSION

The Court should grant summary judgment to the Defendants, the Plaintiff acknowledges that the vast majority of facts are undisputed. *See* ECF 311. The College officials here reasonably responded to a complex and sensitive situation where a student confessed to persistently thinking about killing his professors. The officials temporarily trespassed him and then creating a path to return to his program that required open communication about his mental health. This did not violate the First Amendment as a matter of law.

DATED this 6th day of May, 2024.

ROBERT W. FERGUSON
Attorney General

 s/ *Nicholas Ulrich*
NICHOLAS ULRICH, WSBA No. 50006
Assistant Attorney General
Attorneys for Defendants
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123
Nicholas.Ulrich@atg.wa.gov

**PROOF OF SERVICE**

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bret Uhrich  buhrich@walkerheye.com
Abigail Cybula  acybula@walkeryey.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 6th day of May, 2024, at Spokane, Washington.

ROBERT W. FERGUSON
Attorney General

 s/ *Nicholas Ulrich*
NICHOLAS ULRICH, WSBA No. 50006
Assistant Attorney General
Attorney for Defendants
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123
Nicholas.Ulrich@atg.wa.gov

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
(509) 456-3123