Nicholas Ulrich
Assistant Attorneys General
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

HONORABLE MARY K. DIMKE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA BASIN COLLEGE, a public institution of higher education, RALPH REAGAN, in his official and individual capacities, LEE THORNTON, in his individual capacity, REBEKAH WOODS, in her official capacity<br><br>Defendants. | NO. 4:18-05089-MKD<br><br>DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE |

Pursuant to LCivR 56(c)(1)(C), Defendants Columbia Basin College, Ralph Reagan, Lee Thornton, and Rebekah Woods submit the following Reply Statement of Material Facts Not in Dispute:

1 through 17 are not disputed.

17. Dispute is incorrect and not material. Plaintiff admits that Perez believed she had a duty to warn, but argues she was incorrect. ECF No. 311 at 5.

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

Plaintiff is incorrect. Plaintiff provides no evidence that the disclosure did not satisfy the federal code standard for disclosure. Ms. Perez cites the trial testimony out of context: Ms. Perez clarified and disavowed the hearsay statement that he seemed remorseful as a suggestion that it was not serious. *See* Trial Transcript at 171, 180. In fact she testified that it was "serious". *Id.* at 172. He had a plan and presented a risk of harm. *Id.* at 173–74. It was after hearing his specific threats to multiple individuals that she knew she had a duty to warn. *Id.* at 175.

18. Dispute is incorrect and not material. Plaintiff's attempt to quibble with the designated crisis responder's policy in addressing direct threats does not change the testimony in 17 above, that Perez believed it was serious.

19 through 20 are not disputed.

21. Dispute incorrect and not material. Plaintiff argues that "Ms. Perez did not have the power to involuntarily commit a person." ECF No. 311 at 7. Plaintiff cites no portion of the record for this but instead relies on Washington Law. While it is correct that a DCR (formerly designated mental health professional) cannot alone involuntarily commit someone, it is the DCR that initiates the process. Wash. Rev. Code § 71.05.150(1) (2017). The judge will approve the seventy-two-hour hold if there is probable cause to support the petition. *Id.* The fact is correct that had he not cooperated Perez would have used the process to have him involuntarily committed. Plaintiff makes no argument that there was no probable cause to support commitment.

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1      22 through 26 are not disputed.

2      27.     Not material. Plaintiff effectively admits that it was the interim trespass that precluded him from finishing the quarter not the subsequent student process letter that came out in April.

     *28*.     Not truly disputed. Plaintiff points out that there was a Licensed Practical Nurse (LPN) certification program that ran over the summer, but fails to point out that the LPN was a separate program from the RN program that Plaintiff was participating in. Trial Ex. No. 73 at 22. Plaintiff had already completed his first year of the associate degree program and was on his second. Plaintiff provides no testimony or other evidence that he desired to switch from the RN program to just become an LPN, which are separate examinations. *See id*.

     29.     Not truly disputed. *See* 28 above.

     30 through 32 are not disputed.

     33.     Plaintiff does not dispute this fact, but adds an additional fact out of context. The Court should treat this fact as undisputed. Reagan's reference to "broke their own rules" was referring to default rules of confidentiality. *See* ECF No. 35-4 at 35–36 ("I took this . . . that this was serious enough for them to give us that warning.").

     34 through 36 are not disputed.

1    37.    Plaintiff does not dispute this fact, but adds an additional fact out of context. The Court should treat this fact as undisputed. Plaintiff's added fact is not material.

    38 through 42 are not disputed.

    43.    Plaintiff does not dispute this fact, but adds an additional fact. The Court should treat this fact as undisputed. Plaintiff's added fact is not material. Here, it is undisputed that the letter stopped short. Whether Dr. Cabasug intended to stop short or not, he did so.

    44.    Plaintiff does not dispute this fact, but adds an additional fact. The Court should treat this fact as undisputed. Plaintiff's added fact is not material. A lack of information that something would recur is not a suggestion that it won't recur.

    45. Plaintiff does not dispute this fact, but adds additional information. The Court should treat this fact as undisputed. Plaintiff's added fact is not material; it merely provides the same information in a different context.

    46 is not disputed.

    47.    Plaintiff does not list this fact as disputed, but notes that it is inconsistent with notes. The Court should treat this fact as undisputed. Review of the cited passage however reveals no inconsistency. *See* ECF No. 37-22 at 12 ("he feels more stress as he has been terminated from the program . . . appears angry and irritated.").

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

48. Plaintiff does not list this fact as disputed, but notes that it is inconsistent with notes. The Court should treat this fact as undisputed. The fact is not diminished by the additional fact that Perez regularly indicates that people that have plans to kill others should have follow up treatment.

49 through 54 are not disputed.

55. Plaintiff disputed this fact because the letter regarding enrollment says "CBC." This is not truly a dispute of fact. The testimony has come out consistently that Plaintiff did not need to restart the competitive application process and could return to the program in October. Trial Transcript at 841–842, 938–941. Plaintiff is taking documents out of context and ignoring testimony that puts the documents in context for this case. *See* ECF No. 309 at 4–5.

56. Not truly in dispute. Plaintiff cites the administrative code as defining the student conduct process as "disciplinary action" and continues to conclude that this was truly a suspension in disguise. This is simply belied by the testimony, the letter speaks for itself and does not use the word suspension. *See also* Trial Transcript at 667 (disavowing that the sanctions were intended to be punitive).

57. Not truly in dispute. Plaintiff fails to understand that something can be responsive without intending to be punitive. Plaintiff effectively is challenging what they were called rather than what they were.

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

58. Not truly in dispute. Plaintiff does not identify or explain any other motive for these actions. *See also* response to 57.

59. Not truly in dispute. Plaintiff effectively argues that Reagan did not know what a suspension was or how to reference it. This is not the case. The trial clarified that he was not suspended. Trial Transcript at 839–40 & Ex. 18 at 2. *See also* ECF No. 308 at 7–8.

Facts 60 through 63 are not in dispute.

64. Not truly in dispute. Plaintiff takes this testimony out of context which does not contradict the cited passages.

65. Not truly in dispute. The facts are not contradictory. Additionally, while Reagan did not directly answer his question in that email, he indicated would talk with him at their planned meeting in October. ECF No. 47-12 at 3. Plaintiff did not participate in that meeting.

DATED this 6th day of May, 2024.

ROBERT W. FERGUSON
Attorney General

 s/ *Nicholas Ulrich*
NICHOLAS ULRICH, WSBA No. 50006
Assistant Attorney General
Attorneys for Defendants
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123
Nicholas.Ulrich@atg.wa.gov

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

**PROOF OF SERVICE**

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bret Uhrich                buhrich@walkerheye.com
Abigail Cybula         acybula@walkeryey.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 6th day of May, 2024, at Spokane, Washington.

ROBERT W. FERGUSON
Attorney General

 s/ *Nicholas Ulrich*
NICHOLAS ULRICH, WSBA No. 50006
Assistant Attorney General
Attorney for Defendants
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123
Nicholas.Ulrich@atg.wa.gov