HONORABLE MARY K. DIMKE

CARL P. WARRING, #27164
ANDREW D. BROWN, #58477
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendants

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>                Plaintiffs,<br><br>vs.<br><br>COLUMBIA BASIN COLLEGE, a public institution of higher education, RALPH REAGAN, in his official and individual capacities, LEE THORNTON, in his individual capacity, REBEKAH WOODS, in her official capacity<br><br>                Defendants. | Cause No. 4:18-05089-MKD<br><br>**DEFENDANTS' MOTIONS IN LIMINE**<br><br>February 3, 2024<br>8:30 a.m.<br>Richland, WA<br>[Pretrial Conference]<br><br>*With Oral Argument* |

**I.    MOTIONS IN LIMINE**

Defendants, by and through their undersigned counsel, respectfully move the Court for an order establishing the scope of evidence permitted at the February 3rd, 2024, bench trial. Further the Defendants ask the Court to (1)



require all parties and witnesses to be informed, by whichever party calls them, of the limitations on their testimony and (2) grant a standing objection for any subjects not excluded.

## II. ARGUMENT AND AUTHORITY

Although the Federal Rules of Evidence do not explicitly authorize Motions in Limine, the practice has developed pursuant to the District Courts' authority to manage trials. *Luce v. U.S.*, 469 U.S. 38, 41 n. 4, 165 S. Ct. 460, 63 L. Ed. 2d 443 (1984). Motions in limine help to prevent the admission of potentially prejudicial evidence, eliminating the need for a trial judge to neutralize the taint of prejudicial evidence. *Elliott v. Versa COC, L.P.*, 349 F.Supp.3d 1004, 1005 (S.D. Cal 2018). Thus, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child And Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).

**A. The Court Should (1) Admit Witness Testimony and Exhibits Previously Admitted During the August 2022 Jury Trial; and (2) Preclude Any Testimony or Exhibits That Are Cumulative of Prior Evidence**

Pursuant to FRE 611, the Court has discretion to control the mode and order of the presentation of evidence. FRE 611. Factors guiding the exercise of the Court's discretion include the effective presentation of evidence, avoiding the waste of time, and protecting witnesses from harassment. FRE 611. Here, this Court previously presided over the six-day jury trial of R.W.'s disability

DEFENDANTS' MOTIONS IN LIMINE - page 2



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

discrimination claims. The trial included the presentation of witness testimony and exhibits relating to the same events that underly R.W.'s First Amendment claim. Given that the prospective injunctive relief issue will be determined by this Court without a jury, this Court should consider the previously admitted witness testimony and exhibits from the prior trial to the extent the Court finds that evidence relevant. Moreover, the Court should preclude either party from introducing testimony or exhibits that would be cumulative of the evidence adduced in the prior trial. This will ensure an effective presentation of the evidence, avoid wasting time, and protect witnesses from harassment.

**B.    The Court Should Enforce the Order and Presentation of Witnesses.**

Pursuant to Fed. R. Evid. 611, Defendants ask the Court to require the parties to provide the Court and opposing counsel with 24 hours advance notice of (1) the date and time and (2) order in which they expect to call witnesses. Such an order will help ensure an orderly presentation of the evidence.

**C.    The Court Should Admit Exhibits Containing Legal Conclusions for the Limited Purpose of Providing Context for Various Steps in the Interim Trespass and Student Conduct Proceedings**

The Court should preclude Plaintiff and his witnesses from offering legal conclusions. *E.g., United States v. Crawford*, 239 F.3d 1086, 1091 (9th Cir. 2001) (trial court erred by admitting lay witness testimony that a university could not "abandon" property because "abandon" has a special legal meaning); *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) (expert testimony concerning legal conclusions does little more than tell the jury what conclusion to reach and is thus

DEFENDANTS' MOTIONS IN LIMINE - page 3



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

of little use); *Andrews v. Metro N. Commuter R.R.*, 882 F.2d 705, 708-09 (2d Cir. 1989) (trial court abused discretion by permitting expert witness to testify that accident was result of defendants' negligence); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (expert witness is in no better position than jurors to conclude whether defendant's actions demonstrated "conscious disregard" or "deliberate indifference" to plaintiff's rights, and was therefore inadmissible). In this case, a number of exhibits that contain legal conclusions by R.W.'s counsel are potential exhibits. Such evidence and any attendant testimony is inadmissible, and its admission should be limited to the purpose of providing context for the various steps involved in the interim trespass and student conduct proceedings under Fed. R. Evid. 401, 403 and 702.

**D.     The Court Should Preclude Plaintiff from Offering Any Lay Opinion That He Would Have Successfully Completed Winter Quarter 2017**

In discrimination cases, a plaintiff's perceptions or opinions about his performance at school or relative qualifications are irrelevant. *Schuler v. Chronicle Broadcasting Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986) (citing *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980) (affirming judgment for defendant/employer notwithstanding the verdict for the plaintiff/employee)); *Grimwood v. Univ. of Puget Sound*, 110 Wn.2d 355, 365, 753 P.2d 517 (1988). Moreover, such testimony would be impermissible speculation absent a proper foundation. Accordingly, the Court should prohibit plaintiff from rendering any opinion that he would have successfully completed Winter Quarter 2017.

E.  **The Court Should Grant the Defendants a Continuing Objection with Respect to Each Motion in Limine That Is Denied.**

Defendants request a continuing objection to all evidence, and all like evidence, identified by these motions in limine, but not ultimately excluded by the Court. *See U.S. v. Khan*, 993 F.2d 1368, 1377 (9th Cir. 1993).

### III.  CONCLUSION

For the reasons discussed above, the Court should grant the Defendants' Motions in Limine.

DATED this 23rd day of December, 2024.

                EVANS, CRAVEN & LACKIE, P.S.

By:    *s/ Carl P. Warring*
CARL P. WARRING, WSBA #27164
ANDREW D. BROWN, WSBA #58477
Attorneys for Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, Washington 99201
(509) 455-5200
(509) 455-3632 Facsimile
CWarring@ecl-law.com
Abrown@ecl-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on December 23rd, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Bret Uhrich
Abigail Cybula
Email:      buhrich@walkerheye.com
Email:      acybula@walkerheye.com

    s/    *Carl P. Warring*
CARL P. WARRING, WSBA #27164
ANDREW D. BROWN, WSBA #58477
Attorneys for Defendants
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, Washington 99201
(509) 455-5200
(509) 455-3632 Facsimile
CWarring@ecl-law.com
Abrown@ecl-law.com