Bret Uhrich, WSBA #45595
Abigail Jacobs, WSBA #59063
Walker Heye, PLLC
1333 Columbia Park Trail, Ste 220
Richland, WA  99352
Telephone: (509) 735-4444
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COLUMBIA BASIN COLLEGE, a public institution of higher education,; REBEKAH WOODS, in her official capacity; and RALPH REAGAN, in his individual and official capacities,<br><br>　　　　　　Defendants. | Cause No.  4:18-cv-05089-MKD<br><br>RESPONSE TO DEFENDANTS' MOTION IN LIMINE |

　　　Plaintiff R.W., by and through his attorneys of record, submits the following response to Defendant's Motions in Limine (ECF 327).

　　　//

　　　//

RESPONSE TO DEFENDANTS' MOTION IN LIMINE -

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P:  509.735.4444
F:  509.735.7140

**A.     The Court Should (1) Admit Witness Testimony and Exhibits Previously Admitted During the August 2022 Jury Trial; and (2) Preclude Any Testimony or Exhibits That Are Cumulative of Prior Evidence.**

No objection.

**B.     The Court Should Enforce the Order and Presentation of Witnesses.**

No objection.

**C.     The Court Should Admit Exhibits Containing Legal Conclusions for the Limited Purpose of Providing Context for Various Steps in the Interim Trespass and Student Conduct Proceedings.**

Plaintiff objects in-part to the motion in limine. Plaintiff agrees that witnesses cannot testify to legal conclusions. However, a witness may testify to the source and scope of their authority. *See Johns v. Bay State Abrasive Prods. Co.*, 89 F. Supp. 654, 663 (D. Md. 1950). This may include the scope of authority for a state actor. *See Maryland v. Dent*, 2019 WL 1795531, at *4 (D. Md. Apr. 23, 2019) (unpublished); *see also Texas v. Kleinert*, 855 F.3d 305, 315 (5th Cir. 2017) ("FBI Special Agent Dennis May, who created the task force, testified that Kleinert's 'authority to act as a federal officer was not limited to the [memorandum]; ... he had a broader scope of authority.'").

In this case, the scope of Defendant Reagan's authority arises from regulation. Wash. Admin. Code § 132S-100. While eliciting testimony regarding legal conclusions would not be proper, eliciting testimony regarding a state actor's scope

RESPONSE TO DEFENDANTS' MOTION IN LIMINE -

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

of authority is proper, even if such authority derives of policies which are codified or promulgated by regulation. As a result, the Court should deny the motion in limine to the extent that it would infringe upon such testimony.

### D. The Court Should Preclude Plaintiff from Offering Any Lay Opinion That He Would Have Successfully Completed Winter Quarter 2017.

The Court should deny this motion to the extent that it seeks to limit testimony regarding whether R.W. could have completed his classes absent the trespass and sanctions imposed by Defendants, and whether R.W. would have received failing grades in all of the courses had he not been precluded from taking final examinations. Defendant cites *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wash. 2d 355, 365, 753 P.2d 517, 521 (1988)[1] and *Schuler v. Chron. Broad. Co. Inc.*, 793 F.2d 1010, 1012 (9th Cir. 1986). In both cases, the issue was whether the employee was discharged based on deficient performance. *Grimwood*, 753 P.2d at 518 (1988); *Schuler*, 793 F.2d at 1012. In this case, Defendants did not purport to impose sanctions on R.W. based on his academic performance. The sanctions issued by Defendants were based explicitly on his speech made to medical and mental health treatment providers. Such speech is not circular in nature. *See Oyama v. Univ. of*

---

[1] Which was abrogated by *Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*, 189 Wash. 2d 516, 404 P.3d 464 (2017) on other grounds.

RESPONSE TO DEFENDANTS' MOTION IN LIMINE -

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

*Hawaii*, 813 F.3d 850, 866-67 (9th Cir. 2015). As a result, the Court should deny this motion in limine.

**DATED this 30th day of December, 2024.**

*s/Bret Uhrich*
Bret Uhrich, WSBA #45595
Abigail Jacobs, WSBA #59063
Attorneys for Plaintiffs
Walker Heye, PLLC
1333 Columbia Park Trail, Ste 220
Richland, WA 99352
Telephone: (509) 735-4444
Fax: (509) 735-7140
E-mail: buhrich@walkerheye.com
acybula@walkerheye.com

RESPONSE TO DEFENDANTS' MOTION IN LIMINE -

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Carl Perry Warring:  cwarring@ecl-law.com
Andrew David Brown:  abrown@ecl-law.com

*s/ Bret Uhrich*
Bret Uhrich

RESPONSE TO DEFENDANTS' MOTION IN LIMINE -

WALKER HEYE, PLLC
1333 Columbia Park Trail, Suite 220
Richland, WA 99352
P: 509.735.4444
F: 509.735.7140