FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 04, 2025

SEAN F. McAVOY, CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| R.W., individually and on behalf of his marital community,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COLUMBIA BASIN COLLEGE, a public institution of higher education; RALPH REAGAN, in his official and individual capacities; LEE THORNTON, in his individual capacity; and REBEKAH WOODS, in her official capacity,<br><br>　　　　　　Defendants. | No. 4:18-CV-05089-MKD<br><br>ORDER MEMORIALIZING RULINGS ON CROSS MOTIONS FOR SUMMARY JUDGMENT, DEFENDANTS' MOTIONS IN LIMINE, DEFENDANTS' EXHIBIT AND TRANSCRIPT OBJECTIONS; AND STATUS OF DEFENDANT REAGAN<br><br>**ECF Nos. 304, 306, 327, 330, 331** |

On February 3, 2025, the Court held a final pretrial conference, in advance of the bench trial in this matter. ECF No. 348. Bret Uhrich appeared on behalf of Plaintiff, who was present in court. Carl Warring and Andrew Brown appeared on behalf of Defendants, with Defendant Rebekah Woods present in court. The following summarizes and supplements the Court's oral rulings on the cross

ORDER - 1

motions for summary judgment, ECF Nos. 304, 306, Defendants' Motions in Limine, ECF No. 327, Defendants' objections to Plaintiff's exhibits and deposition designations, ECF Nos. 330, 331, and in response to updated information from the parties regarding the status of Ralph Reagan as an official-capacity defendant.

**A. Motions for Summary Judgment, ECF Nos. 304, 306**

A party moving for summary judgment bears the burden of identifying the portions of the record and the evidence that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation omitted). The Court finds that there are disputes of material fact that the Court cannot resolve without drawing inferences, determining witness credibility, and weighing the evidence, which are not appropriate at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, Plaintiff and Defendants have not met their burden for summary judgment on Plaintiff's remaining Section 1983 claim for injunctive relief.

**B. Defendants' Motions in Limine, ECF No. 327**

The Court grants Defendants' request to admit all testimony and exhibits that were admitted at the 2022 jury trial. *See* ECF No. 327 at 2-3.

The Court denies Defendants' request to limit trial testimony and evidence on topics already addressed at the 2022 jury trial, with leave to renew if specific concerns arise. *See id*.

ORDER - 2

The Court grants Defendants' request to enforce the order and presentation of witnesses.  *See id.* at 3.

The Court grants Defendants' request to exclude exhibits and testimony containing legal conclusions except where those legal conclusions are solely offered to provide context for the actions taken during the interim trespass and student conduct proceedings.  *See id.* at 3-4.

The Court denies Defendants' request to preclude Plaintiff from testifying whether, in his opinion, he would have successfully completed Winter Quarter 2017 but for Defendants' actions.  *See id.* at 4.

Finally, the Court grants Defendants' request to maintain continuing objections for any issues identified in their Motions in Limine that the Court denied or overruled.  *See id.* at 5.

**C. Defendants' Objections to Exhibits and Deposition Designations, ECF Nos. 330, 331**

<u>Plaintiff's Proposed Exhibit No. 12</u>: The parties have agreed that the hearsay statements in this exhibit shall not be considered for the truth of the matter asserted.  Defendants' objection, ECF No. 330 at 2, is moot.

<u>Plaintiff's Proposed Exhibit No. 20</u>: Plaintiff agreed to withdraw this exhibit.  Defendants' objection, *id.*, is moot.

<u>Plaintiff's Proposed Exhibit Nos. 49, 50B, and 51</u>: Plaintiff agreed to withdraw these exhibits, thereby mooting Defendants' objections, *id.* at 2-3.

ORDER - 3

Defendants raised no objection to Plaintiff's Proposed Exhibit No. 50A, which contains a single-page excerpt (page 6) from Plaintiff's Proposed Exhibit No. 50B that was admitted in this form at the 2022 trial. *See* ECF No. 249-1 at 4.

<u>Plaintiff's Proposed Exhibit No. 67B</u>: Defendants' objection, ECF No. 330 at 3, is overruled for the purposes of the bench trial only.

<u>Plaintiff's Proposed Exhibit Nos. 85 and 86</u>: Defendants' objection, *id.* at 3, is overruled. Plaintiff may seek to admit these exhibits upon a proper showing of foundation and relevance.

<u>Deposition Designations</u>: At the pretrial conference, Plaintiff withdrew his designations of deposition transcripts. Defendants' objections to these designations, ECF No. 331, are moot.

**D. Status of Defendant Reagan**

Defendants indicated in their Trial Brief that Defendant Reagan no longer holds the office of Dean of Student Conduct at Columbia Basin College and therefore lacks the authority to effectuate the injunctive relief Plaintiff is seeking. ECF No. 340 at 2. At the pretrial conference, Plaintiff agreed to dismiss the Section 1983 claim for injunctive relief against Defendant Reagan in his official capacity, although Defendant Reagan otherwise remains a party in this case for purposes of final judgment on Plaintiff's other claims. *See* ECF No. 348. Defendants did not object to this proposal. *See id.*

ORDER - 4

Therefore, the Section 1983 claim for injunctive relief against Defendant Reagan in his official capacity is dismissed without prejudice. The Section 1983 claim for injunctive relief proceeds against Defendant Rebekah Woods only, and Defendant Reagan remains a party to this case with regard to Plaintiff's other claims against him.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment, **ECF No. 306**, and Defendants' Motion for Summary Judgment, **ECF No. 304**, are **DENIED**.

2. Defendants' Motions in Limine, **ECF No. 327**, are **GRANTED in part** and **DENIED in part** as explained above.

3. Defendants' Objections to Plaintiff's Exhibits, **ECF No. 330**, and Objections to Plaintiff's Deposition Designations, **ECF No. 331**, are **deemed MOOT** or **OVERRULED** as explained above.

**IT IS SO ORDERED.** The District Court Executive is directed to (1) file this Order, (2) provide copies to counsel, and (3) **enter judgment of dismissal without prejudice of the Section 1983 claim for injunctive relief against Defendant Ralph Reagan in his official capacity**.

ORDER - 5

DATED February 4, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6